Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: January 31st, 2019**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

| IN RE: <br><br> JEFFREY ROBERT HARTLEY and <br> TONYA CHRISTY HARTLEY, <br><br><br> Debtors. | CASE NO. 3:01-bk-30266 <br><br> CHAPTER 7 <br><br><br><br> JUDGE FRANK W. VOLK |
|---|---|
| 21st MORTGAGE CORPORATION, <br><br> Plaintiff, <br> v. <br><br> JEFFREY ROBERT HARTLEY and <br> TONYA CHRISTY HARTLEY, <br><br><br> Defendants. | ADVERSARY PROCEEDING NO. <br> 3:18-ap-3003 |

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT

Pending is the Defendants' Motion for Summary Judgment [dckt. 10], filed on September 12, 2018.[1] The Plaintiff, 21st Mortgage Corporation ("21st Mortgage") filed a Response on September 27, 2018 [dckt. 12], and the Hartleys replied on October 3, 2018 [dckt. 14]. The matter is ready for adjudication.

---

[1] In the Motion for Summary Judgment, the Hartleys refer to themselves as the "Plaintiffs," and the Motion is styled "Plaintiff's Motion for Partial Summary Judgment." Pursuant to an Order of the Court, entered at docket no. 1, this adversary proceeding is styled *21st Mortgage Corporation v. Jeffrey Robert Hartley and Tonya Christy Hartley*. Therefore, the Court will consider 21st Mortgage Company the Plaintiff and the Hartleys the Defendants.

## I.

A. **Facts and Procedural History**

Jeffrey and Tonya Hartley filed a Chapter 7 bankruptcy case on April 19, 2001. In their schedules, they listed a debt to Chase Manhattan Mortgage, which was secured by a mobile home, model year 2000 (the "Mobile Home"). The Hartleys received a discharge on August 12, 2001, and their case was closed in September 2001.

After completion of their bankruptcy case, the Hartleys divorced. As part of the property settlement, Mrs. Hartley received the Mobile Home, which was still encumbered by the mortgage. At that point, Mr. Hartley claims that 21st Mortgage began relentlessly contacting him regarding the mortgage and the Mobile Home. Mr. Hartley informed 21st Mortgage that he no longer resided in, nor was he responsible for, the Mobile Home. He also withdrew his consent for 21st Mortgage to contact him.

In May 2015, Mr. Hartley alleges that he began receiving written communications attempting to collect the discharged debt. 21st Mortgage was informed that Mr. Hartley had retained an attorney, but Mr. Hartley continued to receive phone calls and messages from a nameless source; Mr. Harley attributes these communications to 21st Mortgage. In total, Mr. Hartley claims that 21st Mortgage called him in excess of 300 times, at both his home and mobile phone numbers. Furthermore, 21st Mortgage is alleged to have contacted Mr. Hartley's mother and his neighbors in an attempt to communicate about the discharged debt.

Thereafter, in February 2016, Mr. Hartley instituted an action in Putnam County against 21st Mortgage,[2] alleging violations of, *inter alia*, the West Virginia Consumer Credit and Protection Act, the West Virginia Consumer Computer Crime and Abuse Act, the Telephone Consumer Protection Act, and the bankruptcy discharge injunction.  21st Mortgage removed and the District Court referred the matter to the undersigned..  After reopening the Hartleys bankruptcy case, this Court converted the removed case to an adversary proceeding, entered a scheduling order, and allowed the case to mature.  As noted, the Hartleys filed their Motion for Summary Judgment, and the Response and Reply followed.

The Hartleys contend that the "relentless" communications from 21st Mortgage were impermissible attempts to collect on a discharged debt.  They thus assert a violation of the discharge injunction.

21st Mortgage claims that it contacted Mr. Hartley not to collect on the debt, but rather to determine whether he intended to continue making payments on the mortgage.

## II.

**A.    Governing Standard and Analysis**

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bank. P. 7056. The burden is on the

---

[2] While Chase Mortgage originally held the note secured by the Hartley's residence, it was transferred to 21st Mortgage in either 2004 or 2005.

nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must do so by offering "sufficient proof[ ] in the form of admissible evidence" rather than relying solely on the allegations of her complaint. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (internal quotation omitted). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 (advisory committee's note to 1963 amendment).

The discharge injunction is found in the bankruptcy code at 11 U.S.C. § 524 and provides as follows:

> (a) A discharge in a case under this title—
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case . . . .

11 U.S.C. § 524(a)(1)-(3). Thus, the discharge injunction operates to prevent a creditor from engaging in activity to recover personally from a debtor on a debt that has been discharged in bankruptcy. A crucial element of the statute is the determination that the creditor is attempting to

recover personally from the individual who has been discharged of his or her personal liability for the obligation.

Inasmuch as the discharge does not completely extinguish the underlying debt (as it only relieves a debtor of *personal* liability) it is "not *per se* improper for [a] secured creditor to contact a debtor to send payment coupons, determine whether payments will be made on the secured debt, or inform the debtor of a possible . . . repossession . . . ." *In re Flint*, 557 B.R. 461, 466 (Bankr. N.D. W. Va. 2016) (Flatley, J.) (quoting *In re Culpepper*, 481 B.R. 650, 658 (Bankr. D. Ore. 2012). Importantly, however, any "communication must clearly indicate that 'the creditor is not attempting to collect the debt as a personal liability.'" *Id.* (quoting *Culpepper*, 481 B.R. at 658).

In the instant case, the parties differ over whether the communications by 21st Mortgage should be categorized as attempts to collect personally from Mr. Hartley or whether they were simply attempts to determine whether payments would be made on the debt. This is a genuine issue of material fact which makes summary judgment inappropriate at this time. Accordingly,

**IT IS ORDERED** that the Hartley's Motion for Summary Judgment be, and hereby is, **DENIED.**